**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000736
25-JUN-2018
01:03 PM**

NO. CAAP-17-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MATTHEW CLEMENT, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 16-1-0008 (CR. NO. 1PC990000376))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record in CAAP-17-0000736, it appears this court lacks appellate jurisdiction because Petitioner-Appellant Matthew Clement (Appellant) did not timely file a Notice of Appeal, in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP).

Appellant appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Order), filed on September 8, 2017, in the Circuit Court of the First Circuit (circuit court).[1]

"Any party may appeal from a judgment entered in the proceeding in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure." Hawai'i Rules of Penal Procedure (HRPP) Rule 40(h). "According to HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a

---

[1] Appellant's notice of appeal to the circuit court attaches an envelope dated October 6, 2017, from the circuit court to Appellant, suggesting that the Order was not mailed to Appellant until that date.

judgment entered in the proceeding and must be taken in accordance with [HRAP] Rule 4(b)[.]" Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted).

HRAP Rule 4(b)(1) requires that "the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from." (Emphasis added). The rule does not measure the notice of appeal deadline from the date the order is served.

The Order and Notice of Entry were filed on September 8, 2017. Even if Appellant's Notice of Appeal is considered filed on the date he tendered it to prison officials on October 12, 2017, Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002), it was filed more than 30 days after entry of the order appealed from. Thus, the Notice of Appeal was untimely filed.

"We have, on a number of occasions, recognized exceptions to the requirement that notices of appeal be timely filed." Grattafiori, 79 Hawai'i at 13, 897 P.2d at 940 (citation omitted). "Specifically, we have permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided." Id. at 13-14, 897 P.2d at 940-41. Neither exception applies in this case.

"[C]ompliance with the requirement of the timely filing of a notice of appeal is jurisdictional." State v. Brandimart, 68 Haw. 495, 497, 720 P.2d 1009, 1010 (1986). Thus, "We must dismiss an appeal on our own motion if we lack jurisdiction." Id. (citation omitted).

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.  All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, June 25, 2018.


Chief Judge


Associate Judge


Associate Judge